# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| JEFFREY L. GRAHAM,<br><br>  Plaintiff,<br><br>  v.<br><br>LEAR CORPORATION,<br><br>  Defendant. | CAUSE NO.: 2:19-CV-478-TLS-JPK |

## OPINION AND ORDER

Jeffrey L. Graham, a Plaintiff proceeding pro se, filed an Employment Discrimination Complaint [ECF No. 1] against Defendant, Lear Corporation. He also filed a Motion to Proceed in Forma Pauperis [ECF No. 2]. For the reasons set forth below, Plaintiff's Motion is DENIED. Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Plaintiff is GRANTED additional time to amend his Complaint, accompanied either by the statutory filing fee or another Motion to Proceed in Forma Pauperis. If Plaintiff fails to amend his Complaint within the time allowed, the Clerk of Court will be directed to close this case without further notice to Plaintiff.

## DISCUSSION

Ordinarily, a plaintiff must pay a statutory filing fee to bring an action in federal court. 28 U.S.C. § 1914(a). However, the federal in forma pauperis statute, 28 U.S.C. § 1915, provides indigent litigants an opportunity for meaningful access to the federal courts despite their inability to pay the costs and fees associated with that access. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989) ("The federal *in forma pauperis* statute, enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal

courts."). To authorize a litigant to proceed in forma pauperis, a court must make two determinations: first, whether the litigant is unable to pay the costs of commencing the action, 28 U.S.C. § 1915(a)(1); and second, whether the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, *id*. § 1915(e)(2)(B).

Under the first inquiry, an indigent party may commence an action in federal court, without prepayment of costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor." *Id.* § 1915(a). Here, Plaintiff's motion establishes that he is unable to prepay the filing fee. The inquiry does not end there, however. In assessing whether a plaintiff may proceed in forma pauperis, a court must look to the sufficiency of the complaint to determine whether it can be construed as stating a claim for which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. *Id.* § 1915(e)(2)(B). District courts have the power under § 1915(e)(2)(B) to screen complaints even before service of the complaint on the defendant and must dismiss the complaint if it fails to state a claim. *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Courts apply the same standard under § 1915(e)(2)(B) as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018, 1027 (7th Cir. 2013).

To state a claim under the federal notice pleading standard, a complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing the complaint, a court

accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 645 (7th Cir. 2018).

In his Complaint, Plaintiff asserts that he is bringing this action for "wrongful termination." Compl., p. 1, ECF No. 1. Plaintiff did *not* check the box to indicate that the claim is brought under Title VII of the Civil Rights Act of 1964. *Id*. As for the factual basis of his claim, Plaintiff alleges that he was accused of doing something that he did not do, that he did not receive any paperwork from Defendant telling him who was involved or what he did, and that he "was tried and convicted [over] the telephone." *Id*. at p. 2. With his Complaint, Plaintiff submitted the July 5, 2019 letter from Defendant terminating his employment. *Id*. at p. 4. The letter indicates that Plaintiff's employment as a "Probationary Employee" was terminated effective June 27, 2019. *Id*. The letter further provides: "Our records show that you have violated the Company's Rules of Employee Conduct by conducting one or more of the following: using threatening, intimidating, coercing, abusive language or fighting with any employee or supervisor. *Id*. The letter then explains: "You must contact the HR Department within five days of the date of this letter and provide documentation to support any claim that you have that your termination was without good cause." *Id*. Handwritten on the letter is the notation: "Received on 7/8/19." *Id*. Finally, reading the Complaint liberally, Plaintiff seeks relief in the form of reinstatement, lost wages, and pay raises that he would have received had his employment not been terminated. *Id*. at p. 3.

Thus, it appears that Plaintiff is bringing an Indiana state law claim for wrongful termination. In the absence of any alleged federal claims, Plaintiff can only bring this state law claim in federal court based on the Court's diversity jurisdiction. *See* 28 U.S.C. § 1332(a).

Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."). A corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010) (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities).

The Complaint does not contain any allegations regarding diversity jurisdiction as it does not allege Plaintiff's domicile, Defendant's state of incorporation and principal place of business, or the amount in controversy. However, the Complaint indicates that Plaintiff's mailing address is in Gary, Indiana, and that Defendant's mailing address is in Hammond, Indiana. If Plaintiff is domiciled in Indiana and if Defendant is an Indiana corporation, then the Court would not have diversity jurisdiction to hear this case brought solely based on a state law claim of wrongful termination. If Plaintiff indeed intends to allege a state law claim of wrongful termination in this federal court, then Plaintiff must file an amended complaint that properly alleges the citizenship of Plaintiff, the citizenship of Defendant, and the amount in controversy to establish diversity jurisdiction.

In addition, even though Plaintiff did *not* check the box for a claim under Title VII, the Court nevertheless considers whether Plaintiff has stated a claim under the federal statute. Title VII is premised on eliminating discrimination:

> It shall be an unlawful employment practice for an employer
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C.A. § 2000e-2(a)(1). Because it appears from the termination letter that Plaintiff was terminated while a probationary employee, the Court notes that Title VII also provides:

> It shall be an unlawful employment practice for any employer, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs to discriminate against any individual because of his race, color, religion, sex, or national origin in admission to, or employment in, any program established to provide apprenticeship or other training.

*Id.* § 2000e-2(d).

Even under the relaxed standards that apply to pro se litigants, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007), the Complaint does not set forth any factual allegations that raise Plaintiff's right to relief for employment discrimination above the speculative level. The only allegations in the Complaint are that Plaintiff was wrongfully terminated based on something he did not do. Even the most liberal reading of the Complaint fails to reveal an inference of different or discriminatory treatment based on race, color, religion, sex, or national origin. The Complaint does not identify any protected class to which the Plaintiff belongs, if any. Because the Plaintiff does not allege that he belongs to a protected category, the Complaint does not provide Defendant with fair notice of the claim. If Plaintiff intends to bring a discrimination claim under

5

Title VII, the deficiencies in the Complaint are of the type that can be cured if Plaintiff alleges that he is a member of a protected class and that the adverse employment action that was taken against him was because of this status. *Cf. Tamayo v. Blagojevich*, 526 F.3d 1074, 1084–85 (7th Cir. 2008) (explaining that the pleading standard for "simple claims of race or sex discrimination" is minimal and requires only that the plaintiff aver that the employer instituted a certain adverse employment action against the plaintiff on the basis of sex or race).

Therefore, Plaintiff's motion to proceed without prepayment of fees is denied, and the Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court will grant Plaintiff until February 6, 2020, to file an amended complaint to properly allege either diversity jurisdiction in order to bring a state law claim of wrongful termination or to allege a Title VII claim of discrimination, as explained above. *See Luevano*, 722 F.3d at 1022 (explaining that a litigant proceeding under IFP statute has the same right to amend a complaint as fee-paying plaintiffs have). If Plaintiff elects to file an amended complaint, he must also file a new Motion to Proceed In Forma Pauperis *or* pay the filing fee. If Plaintiff does not file an amended complaint by February 6, 2020, the Court will direct the Clerk of Court to close this case.

## CONCLUSION

Based on the foregoing, the Court DENIES the Plaintiff's Motion to Proceed In Forma Pauperis [ECF No. 2] and DISMISSES without prejudice the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is GRANTED up to and including February 18, 2020, to file an amended complaint as well as either file a new Motion to Proceed In Forma Pauperis or pay the filing fee. Plaintiff is cautioned that, if he does not respond by the February 18, 2020 deadline, the Court will direct the Clerk of Court to close this case without further notice to Plaintiff.

SO ORDERED on January 6, 2020.

                                                    s/ Theresa L. Springmann
                                                  CHIEF JUDGE THERESA L. SPRINGMANN
                                                  UNITED STATES DISTRICT COURT